IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHILIP STEIER, on behalf of himself and all others similarly situated, | ) ) ) ) | 4:16CV3184 |
| Plaintiff, | ) ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| HIGHLAND OPERATING CO. d/b/a Lochland Country Club; PROFIT ADVANTAGE, INC.; PAI MANAGEMENT, L.L.C., d/b/a Profit Advantage, Inc.; JOHN JANE DOE I/II, JOHN JANE DOE III/IV, JOHN JANE DOE V/VI, d/b/a Profit Advantage, Inc.; and SCOTT SHARDELOW, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on separate motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants PAI Management, L.L.C. (Filing No. 8), and Profit Advantage, Inc. (Filing No. 12). Plaintiff has not responded to the motions, which are ripe for decision.

Plaintiff's amended complaint alleges two wage claims under the Fair Labor Standards Act against multiple defendants as "joint employers." Defendants PAI Management, L.L.C., and Profit Advantage, Inc., contend the amended complaint fails to state a claim upon which relief can be granted against them because (1) no facts are alleged to support the "joint employer" allegation and (2) evidence attached to Defendants' supporting briefs (Filing Nos. 9, 13) proves that they are not "joint employers" under the FLSA.

"[D]ismissal under Fed. R. Civ. P. 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001) (citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)). "The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief.." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008). The complaint must contain "factual content that allows a court to draw the reasonable inference that the defendant is liable for the conduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Plaintiff alleges that he was employed by Lochland Country Club in Hastings, Nebraska (Filing No. 3, ¶¶ 1, 6-7), and that "Defendant Highland Operating Co., d/b/a Lochland Country Club, as well as, Profit Advantage, Inc., PAI Management, L.L.C. d/b/a, Profit Advantage or Profit Advantage, Inc., or any other business entity operated by various John/Jane Does doing business as Profit Advantage, Inc. (hereinafter collectively referred to as "Lochland") acting as joint employers own and operate Lochland Country Club ..." (Filing No. 3, ¶ 6). The bare allegation that PAI Management, L.L.C., and Profit Advantage, Inc., "own and operate" Lochland in conjunction with Highland Operating Co. does not provide sufficient factual support for the "joint employer" claim. See Ash v. Anderson Merchandisers, LLC, 799 F.3d 957, 961 (8th Cir. 2015) (allegation that three companies "were part of an integrated enterprise" that "shared interrelated operations, centralized control of labor relations, common management and common ownership and/or financial control" provided only "labels and conclusions" and failed to state a necessary element of an FLSA claim).

To be actionable, a complaint alleging a "joint employer" claim must include facts describing the "economic reality" of the plaintiff's employment, "such as [his] alleged employers' right to control the nature and quality of [his] work, the employers' right to hire or fire, or the source of compensation for [his] work." Id.

PAI Management, L.L.C., and Profit Advantage, Inc., have filed evidence to disprove the "joint employer" claim, but "[a] court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings." Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015). While a court may consider "some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings,'" id. (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)), Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The evidentiary materials filed by Defendants constitute "matters outside the pleadings."

However, "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion." Gorog v. Best Buy Co., Inc., 760 F.3d 787, 791 (8th Cir. 2014) (quoting Casazza v. Kiser, 313 F.3d 414, 417 (8th Cir. 2002)). "A court has wide discretion in electing [or declining] to consider matters outside the pleadings." Skyberg v. United Food and Commercial Workers Intern. Union, AFL-CIO, 5 F.3d 297, 302 n. 2 (8th Cir. 1993); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1366 (3d ed. 2004) ("As the language of the rule suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.").

In this case, the court will decline to consider the evidentiary materials and will grant Defendants' Rule 12(b)(6) motions based solely on the insufficiency of the factual allegations contained in Plaintiffs' amended complaint. Defendants argue that Plaintiff should not be granted leave to amend because it would be futile, but this argument also relies upon the extrinsic evidence. Although leave to amend has not yet been requested by Plaintiff, the court will grant leave to amend for a short period of time because, among other reasons, the granting of Defendants' motions will not fully dispose of the case and the court will not be entering judgment pursuant to Federal Rule of Civil Procedure 54(b).

Accordingly,

IT IS ORDERED:

1. Defendant PAI Management, L.L.C.'s motion to dismiss (Filing No. 8) is granted, and all claims alleged said Defendant will be dismissed with prejudice, without further notice or further order, <u>unless</u> Plaintiff files a second amended complaint against said Defendant within 21 days of today's date.

2. Defendant Profit Advantage, Inc.'s motion to dismiss (Filing No. 12) is granted, and all claims alleged said Defendant will be dismissed with prejudice, without further notice or further order, <u>unless</u> Plaintiff files a second amended complaint against said Defendant within 21 days of today's date.

DATED this 25th day of January, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge